YM

FILED
FEBRUARY 28, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 1220

JUDGE MORAN
MAGISTRATE JUDGE MASON

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **BEROL CORPORATION** | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C _____ |
| | ) | |
| vs. | ) | Hon. _____ |
| | ) | |
| **LUXOR WRITING INSTRUMENTS PRIVATE LIMITED,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT FOR
DECLARATORY JUDGMENT AND MONEY DAMAGES**

Plaintiff, Berol Corporation ("Berol"), by its undersigned attorneys, Schiff Hardin LLP, complaining against Defendant, Luxor Writing Instruments Private Limited ("Luxor"), states as follows:

**COUNT I FOR DECLARATORY JUDGMENT**

1.	Plaintiff Berol is a corporation organized and existing under the laws of Delaware, with a principal place of business at 10B Glenlake Parkway, Suite 300, Atlanta, Georgia.

2.	Defendant Luxor is a company organized under the laws of India, with its registered office located in New Delhi, India.

3.	Jurisdiction is proper under 28 USC §1332(a)(2) because this is an action between a citizen of a state and a citizen or subject of a foreign state, and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

4.   Venue is proper in this Court pursuant to 28 USC §1391(a)(3) because Luxor is subject to personal jurisdiction herein by reason of its agreement, as described below, and there is no district in which the action may otherwise be brought.  Venue is also proper herein pursuant to 28 USC §1391(d), because Luxor is an alien.

5.   In or about March, 2002, Berol and Luxor entered into a written license agreement entitled "TRADEMARK LICENSE AND REGISTERED USER AGREEMENT (PAPERMATE AND LIQUID PAPER)," dated March 26, 2002 (the "Berol License Agreement").  A copy of the Berol License Agreement is attached hereto, marked as "Exhibit 1." In accordance with Section 27 of the Berol License Agreement, the Berol License Agreement must be interpreted in accordance with Illinois law.  Further, under Section 27 of the Berol License Agreement, Luxor agreed that "[a]ny dispute arising under [the Berol License Agreement] shall be adjudicated" by this Court, and Luxor voluntarily submitted to the jurisdiction of this Court for such purpose.

6.   An actual and immediate controversy currently exists between the parties as to the parties' rights and obligations under the Berol License Agreement.  Specifically, Berol desires to use an Indian manufacturer other than Luxor to produce PaperMate® branded pens and related components and Liquid Paper branded products for sale by Berol's corporate parent, Newell Rubbermaid Inc. and its affiliated companies (collectively "Newell"), outside of India.  Luxor, however, contends that the Berol License Agreement prohibits Berol from doing so.

7.   A declaration by this Court pursuant to 28 USC §2201(a) is necessary to resolve the parties' dispute so that Berol and Newell will know whether they may use an Indian manufacturer other than Luxor to produce PaperMate® branded pens and related components and Liquid Paper branded products for sale outside of India without violating Luxor's rights

under the Berol License Agreement and, thereby, being exposed to liability for money damages in favor of Luxor thereunder.

8. Berol is entitled to a judgment declaring that under the Berol License Agreement Berol has the right to use an Indian manufacturer other than Luxor to produce PaperMate® branded pens and related components and Liquid Paper branded products for sale by Berol outside of India.

**WHEREFORE**, Plaintiff Berol prays that this Court enter a judgment:

(a) declaring that Berol is entitled under the Berol License Agreement to use an Indian manufacturer other than Luxor to produce PaperMate® branded pens and related components and Liquid Paper branded products for sale by Newell outside of India; and,

(c) for such other and further relief as this Court deems just and proper.

## COUNT II FOR DECLARATORY JUDGMENT

1-4. The allegations contained in Paragraphs 1 through and including 4 of Count I are repeated and re-alleged by virtue of incorporation by reference.

5. In or about March, 2002, Berol and Luxor entered into a written agreement entitled "TECHNICAL KNOW HOW AND ASSISTANCE AGREEMENT," dated March 26, 2002 (the "Berol Know How Agreement"). A copy of the Berol Know How Agreement is attached hereto, marked as "Exhibit 2." In accordance with Section 10(a) of the Berol Know How Agreement, the Berol Know How Agreement must be interpreted in accordance with the laws of India. Further, under Section 10(b) of the Berol Know How Agreement, Luxor agreed

that "[a]ny dispute arising under [the Berol Know How Agreement] shall be adjudicated" by this Court, and Luxor voluntarily submitted to the exclusive jurisdiction of this Court for such purpose.

6. An actual and immediate controversy currently exists between the parties as to the parties' rights and obligations under the Berol Know How Agreement. Specifically, Berol desires to use an Indian manufacturer other than Luxor to produce PaperMate® branded pens and related components and Liquid Paper branded products for sale by Berol's corporate parent, Newell Rubbermaid Inc. and its affiliated companies (collectively "Newell"), outside of India. Luxor, however, contends that the Berol Know How Agreement prohibits Berol from doing so.

7. A declaration by this Court pursuant to 28 USC §2201(a) is necessary to resolve the parties' dispute so that Berol and Newell will know whether they may use an Indian manufacturer other than Luxor to produce PaperMate® branded pens and related components and Liquid Paper branded products for sale outside of India without violating Luxor's rights under the Berol Know How Agreement and, thereby, being exposed to liability for money damages in favor of Luxor thereunder. Luxor contends that Berol's use of such manufacturer(s) exposes Berol to liability for damages in favor of Luxor in an amount no less than $65 million, which Luxor has demanded from Berol.

8. Berol is entitled to a judgment declaring that under the Berol Know How Agreement Berol has the right to use an Indian manufacturer other than Luxor to produce PaperMate® branded pens and related components and Liquid Paper branded products for sale by Berol outside of India.

**WHEREFORE**, Plaintiff Berol prays that this Court enter a judgment:

(a) declaring that Berol is entitled under the Berol Know How Agreement to use an Indian manufacturer other than Luxor to produce PaperMate® branded pens and related components and Liquid Paper branded products for sale by Newell outside of India; and,

(b) for such other and further relief as this Court deems just and proper.

## COUNT III FOR BREACH OF CONTRACT

1-2. The allegations contained in Paragraphs 1 through and including 2 of Count II are repeated and re-alleged by virtue of incorporation by reference.

3. On information and belief, the amount in controversy for this count may be more or less than $75,000. Jurisdiction is proper under 28 USC §1367(a) because this claim is so related to the other claims in this action that they form part of the same case or controversy under article III of the United States Constitution.

4-5. The allegations contained in Paragraph 4 and 5 of Count II are repeated and re-alleged by virtue of incorporation by reference.

6. Section 5.1 of the Berol Know How Agreement provides that Luxor will pay to Berol a royalty on the "Products" sold by Luxor.

7. Royalty payments are due and owing to Berol by Luxor. Luxor has failed to make such payments and, accordingly, is in breach of the Berol Know How Agreement.

**WHEREFORE**, Plaintiff Berol prays that this Court enter a judgment:

(a) finding that Luxor is in breach of the Berol Know How Agreement;

(b) awarding Berol damages in an amount to be proved at trial; and

(c) for such other and further relief as this Court deems just and proper.

Dated: February 28, 2008              SCHIFF HARDIN LLP


                                      By:   s/Mark E. Ashton
                                             Mark E. Ashton
                                             Illinois Bar Number: 6287992

                                             Barry S. Alberts
                                             John A. Bannon
                                             Mark E. Ashton
                                             6600 Sears Tower
                                             233 S. Wacker Drive
                                             Chicago, IL  60606
                                             (312) 258-5500

                                             *Attorneys for Plaintiff,*
                                             *Berol Corporation*

-6-